**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

Ronald Smith,                                )
                                             )
                    Plaintiff,               )          C.A. No. 8:24-166-RMG
                                             )
        vs.                                  )
                                             )
Laticia Kenard,                              )          **ORDER**
                                             )
                    Defendant.               )
                                             )
_____             )

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court summarily dismiss this action brought by an inmate in the custody of the South Carolina Department of Corrections under 42 U.S.C. § 1983 because his claim lacks federal jurisdiction and fails to state a claim under § 1983. (Dkt. No. 8). For the reasons set forth below, the Court adopts the R&R as the order of the Court and summarily dismisses this action.

**Background**

Plaintiff asserts a claim against the Defendant, a friend, for allegedly depriving him of funds he in placed in her control. Plaintiff asserts a claim for $13,000 against Defendant. The Magistrate Judge issued a R & R finding that since Defendant is not a state actor, there is no federal jurisdiction under § 1983, and there is no diversity jurisdiction because the claim does not equal to or exceed $75,000. (Dkt. No. 8 at 5-9). The Magistrate Judge informed Plaintiff that he had 14 days from receipt of the R & R to file objections, and if he failed to do so, limited clear error review would be conducted by the District Court and there would be a waiver of the right to

1

appeal. (Dkt. No. 8 at 11). Petitioner did not object to the R&R. This matter is ripe for the Court's review.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the Court reviews the R&R for clear error.

## Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff failed to state a claim under § 1983 and the Court lacks jurisdiction over Plaintiff's claim.

## Conclusion

For the reasons set forth above, the Court adopts the R&R (Dkt. No. 8) as the Order of the Court and summarily dismisses this action.

**AND IT IS SO ORDERED.**

<u>s/ Richard M. Gergel</u>
Richard M. Gergel
United States District Judge

February 6, 2024
Charleston, South Carolina